RD 10/25/19

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 25 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
JOHN HADDOCK,

               *Plaintiff*,

     v.

NASSAU COUNTY COURT; NASSAU COUNTY
POLICE DEPARTMENT; NASSAU COUNTY
SHERIFF'S DEPARTMENT,

               *Defendants*.
----------------------------------------x

<u>MEMORANDUM AND ORDER</u>

19-CV-3227(KAM)(CLP)

**KIYO A. MATSUMOTO, United States District Judge:**

       Plaintiff John Haddock ("Plaintiff"), currently incarcerated at the Nassau County Correctional Facility ("NCCF") in East Meadow, New York, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that he was falsely arrested and incarcerated for failing to register as a sex offender, and that he has been denied proper medical care during his incarceration at NCCF.  Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.  For the reasons discussed below, however, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, and Plaintiff is granted thirty (30) days from the issuance of this Memorandum and Order to file an amended complaint.

## Background

       Plaintiff's complaint alleges the following facts, which the Court assumes to be true for purposes of issuing this Memorandum and Order:



1

On an unspecified morning in October 2018, at approximately 5:00 a.m., Nassau County Police Department ("NCPD") police officers arrested Plaintiff at his home for failure to register as a sex offender. (ECF No. 1, Complaint ("Compl."), at 3.) Plaintiff alleges that the NCPD officers lacked a warrant to execute his arrest, and that they could not have obtained such a warrant because he had not been convicted of a sex crime which would have required him to register as a sex offender.[1] (*Id.*) Nevertheless, Plaintiff asserts that he was incarcerated for six months for his alleged failure to register as a sex offender. (*Id.* at 4.) Plaintiff also contends that during his incarceration, he was denied access to specialized medical treatment to address his recently diagnosed prostate cancer. (*Id.* at 5.) Specifically, Plaintiff alleges that the Nassau County Sheriff's Department ("NCSD") refused to transport him to New York City for treatment. (*Id.*)

On May 30, 2019, Plaintiff filed a complaint against the NCPD, the NCSD, and the Nassau County Court. (*Id.* at 1.) In substance, Plaintiff challenges his initial arrest on the grounds that the NCPD lacked an arrest warrant (or another legitimate reason) to execute his arrest. (*See id.* at 4.) Plaintiff further challenges his conviction and subsequent

---

[1] The Court does not consider Plaintiff's August 19, 2019, letter in determining whether to dismiss Plaintiff's complaint. But the Court does note that in that letter, Plaintiff states he was "convicted of rape . . . [in] November 1989." (ECF No. 11, Letter from Plaintiff to Court.)

2

incarceration (which he characterizes as false imprisonment) on the grounds that there was no legal basis for incarcerating him for failure to register as a sex offender. (*See id.*) Finally, Plaintiff challenges the alleged denial of medical treatment, which he states was necessary to address his recently diagnosed prostate cancer. (*Id.* at 5.) Plaintiff demands monetary damages and immediate release from custody. (*Id.* at 4.)

### Legal Standard

Title 28 U.S.C. § 1915A "requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, among other things, the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (quoting 28 U.S.C. § 1915A). Title 28 U.S.C. § 1915(e)(2)(B) imposes similar screening requirements for complaints by plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief").

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when

3

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough that a plaintiff "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, in considering whether to dismiss a complaint, the court accepts all factual allegations as true, though this tenet does not apply to legal conclusions. *Id.*

"'When [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his [or her] pleadings liberally.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "This is particularly so when the *pro se* plaintiff alleges that [his or] her civil rights have been violated." *Id.* (citing *McEachin*, 357 F.3d at 200). However, "[a]lthough we liberally construe a *pro se* complaint, it must [still] plead sufficient facts to state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (internal citations and quotation marks omitted).

## Discussion

Although Plaintiff does not specify any causes of action in his complaint, the Court construes it as alleging that Defendants violated his constitutional rights through false

4

arrest, false imprisonment, and failure to provide medical treatment in violation of 42 U.S.C. § 1983. But even liberally construing Plaintiff's complaint does not remedy the fact that it fails to state a claim upon which relief may be granted.

### I.  Plaintiff Fails to Sue an Entity Amenable to Suit

Plaintiff's claims against the Nassau County Court are barred by the Eleventh Amendment. *See, e.g., McCluskey v. New York State Unified Court System*, 442 F. App'x 586, 588 (2d Cir. 2011) ("[T]he claims against the Unified Court System are barred by the Eleventh Amendment since it is an arm of the State of New York."); *Leshore v. Comm'r of Long Beach P.D.*, No. 10-cv-6067(SJF)(ARL), 2012 WL 1032643, at *4 (E.D.N.Y. Mar. 21, 2012) ("[A]s a part of the New York State Unified Court System, Eleventh Amendment immunity would also bar any claims against the Nassau County Court."); *Leogrande v. New York*, No. 08-CV-3088 JFB ARL, 2013 WL 1283392, at *12 (E.D.N.Y. Mar. 29, 2013) ("Eleventh Amendment immunity bars any claims against the Suffolk County court system."). Plaintiff's claims against the Nassau County Court must therefore be dismissed.

Plaintiff's claims against the NCPD and NCSD are also barred because these are similarly not suable entities. *See, e.g., Perros v. Cty. of Nassau*, 238 F. Supp. 3d 395, 400 (E.D.N.Y. 2017) ("Defendants Nassau County Police Department and Nassau County Sheriff's Department are not suable entities."); *Nash v. Cty. of Nassau*, No. 16-CV-2148(JFB)(AYS), 2019 WL

5

1367159, at *4 (E.D.N.Y. Mar. 26, 2019) ("It is well settled that an entity such as the Nassau County Police Department is an 'administrative arm' of the same municipal entity as Nassau County and thus lacks the capacity to be sued."); *Anderson v. County of Nassau*, No. 15-CV-5351, 2018 WL 1597399, at *8 (E.D.N.Y. Mar. 31, 2018) ("[A]s an 'administrative arm of a municipality,' the Nassau County Sheriff's Department is not a suable entity."). Any claims arising from the conduct of these entities should instead be brought against Nassau County itself.

## II. Plaintiff Fails to State a *Monell* Claim

Even if the Court liberally construed Plaintiff's claims as against the Nassau County, it would still dismiss them for failure to state a claim upon which relief may be granted. Municipal entities may be held liable under § 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). "To show a policy, custom, or practice, the plaintiff need not identify an express rule or regulation." *Patterson*, 375 F.3d at 226 (citing *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992)). The policy may be inferred based on the fact that a practice is so persistent or widespread as to constitute custom or usage with force of law, or that the discriminatory practice of subordinate employees was so manifest as to imply

6

constructive acquiescence of senior policymaking officials. *Id.* (citing *Sorlucco*, 971 F.2d at 870-71). A policy may also be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Id.* (quoting *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996), *cert. denied*, 520 U.S. 1155 (1997)).

Notably, a municipal entity may be held liable only where the entity *itself* commits a wrong by creating (or failing to remedy) a policy or custom which caused a plaintiff's injuries. *See id.* It may not be sued solely on a theory of *respondeat superior*. *Id.* (citing *Monell*, 436 U.S. at 691). But this is exactly what Plaintiff seeks to do here. Plaintiff has alleged no facts supporting the inference that any policy or custom exists which caused his injuries. Nor does Plaintiff make even the bare allegation (which would, nevertheless, be insufficient) that such a policy or custom existed in Nassau County. Plaintiff's claims must therefore also be dismissed for failure to state a claim upon which relief may be granted. *See, e.g., Murray v. Orange Cty.*, No. 18-CV-634(VB), 2019 WL 3765770, at *6 (S.D.N.Y. Aug. 9, 2019) ("[P]laintiff makes no allegation that a policy or custom inflicted his constitutional injury; therefore, plaintiff fails to allege a *Monell* claim."); *Petty v. New York*, No. 18-CV-6530(BMC)(RER), 2019 WL 79424, at *3 (E.D.N.Y. Jan. 2, 2019) ("Even if construed as a *Monell* claim

7

against the municipality, the claims are still dismissed because plaintiff has failed to allege that he suffered a constitutional deprivation attributable to a municipal policy or custom.").

### III. Plaintiff Seeks Relief Which the Court Cannot Grant Through a Section 1983 Action

As a final matter, the Court notes that Plaintiff requests as relief, *inter alia*, his immediate release from incarceration. Plaintiff has also filed a letter seeking the Court's intervention in his criminal case. (*See* ECF No. 9, Letter from Plaintiff to Court.) To the extent that Plaintiff seeks release from custody, that is not a remedy which this Court has the authority to grant in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that a petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison, and that such relief is not cognizable under § 1983); *see also, e.g.*, *Poventud v. City of New York*, 750 F.3d 121, 128 (2d Cir. 2014); *Geer v. Brown*, No. 14-CV-6172, 2015 WL 4042166, at *4 (E.D.N.Y. July 1, 2015).

### Conclusion

Accordingly, plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). In light of Plaintiff's *pro se* status, however, the Court will grant him thirty (30) days to file an amended complaint that is consistent with this Memorandum and Order.

*Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Plaintiff's amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a short, plain statement of the facts supporting Plaintiff's claims. This includes providing dates and locations for each relevant event. If Plaintiff intends to sue the officers who placed him under arrest or any other individuals who he believes played a role in the alleged violations, Plaintiff must name them as defendants in this action *and* allege their personal involvement in the challenged conduct. *See Iqbal*, 556 U.S. 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Even if plaintiff does not know the name of an individual, he may identify the individual as John or Jane Doe and provide descriptive information of the officer, the dates and specific acts constituting the alleged violation, and place of employment. The amended complaint may not reallege claims against the Nassau County Court, NCSD, and NCPD.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. If plaintiff fails to file an amended complaint within

9

thirty (30) days of the issuance of this Memorandum and Order, judgment shall enter dismissing the case.

The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order on *pro se* Plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: October 24, 2019
       Brooklyn, New York

                                          /s/ USDJ KIYO A. MATSUMOTO
                                          HON. KIYO A. MATSUMOTO
                                          UNITED STATES DISTRICT JUDGE