```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN HADDOCK,

                Plaintiff,                      ORDER

        v.                                      19-CV-3227(KAM)(CLP)

NASSAU COUNTY COURT, et al.,

                Defendants.
----------------------------------X
```

**Kiyo A. Matsumoto, United States District Judge:**

On May 30, 2019, John Haddock ("Plaintiff") initiated this *pro se* civil rights action against various officials of Nassau County, New York.  (ECF No. 1, Complaint.)  By Order dated October 25, 2019, the court granted Plaintiff's request to proceed *in forma pauperis*, dismissed the complaint for failure to state a claim upon which relief may be granted, and granted Plaintiff leave to file an amended complaint within 30 days.  (ECF No. 13, Memorandum and Order.)  The Order stated that failure to file an amended complaint would result in closure of the action.  (*Id.* at 8-9.)  On January 8, 2020, Plaintiff requested additional time to file an amended complaint.  (ECF No. 18, Motion for Extension of Time.)  The court granted an extension and directed Plaintiff to file an amended complaint by February 7, 2020.  (ECF Dkt. Order Jan. 23, 2020.)

The deadline has long since passed, but Plaintiff has not filed an amended complaint.  The court, therefore, will dismiss this action for failure to prosecute.  "Although not

explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte*." *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019).  A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  No single factor is generally dispositive.

*Id.* at 112.  All of the above factors favor dismissal of Plaintiff's complaint.

*First*, Plaintiff has taken no action in this case since January 2020.  The extended deadline to file an amended complaint passed on February 7, and another four months passed without Plaintiff submitting any filings to the court.

*Second*, the court's October 25, 2019 Memorandum and Order put Plaintiff on notice that the court would dismiss this action unless Plaintiff filed an amended complaint.  (Memorandum and Order at 9-10 ("If [P]laintiff fails to file an amended complaint within thirty (30) days of the issuance of this Memorandum and Order, judgment shall be enter[ed] dismissing the case.").)

2

*Third*, "while the prejudice to defendant and the burden on the [c]ourt are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'" *Rozell v. Berryhill*, No. 18-cv-969, 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). The defendants have an interest in having open cases against them closed where a plaintiff has not taken steps to plead sufficient facts to put them on notice of alleged wrongdoing.

*Fourth*, although the Court recognizes Plaintiff's interest in receiving a fair chance to have his case heard, it must also consider the heavy demands of its docket. This action is now over a year old and Plaintiff has not prosecuted his case or complied with the court's order to file an amended complaint, despite the court granting an extension for him to do so.

*Finally*, no lesser sanction will be effective in moving this action forward. "Given [P]laintiff's *in forma pauperis status*, '[m]onetary sanctions cannot be relied on because the plaintiff is indigent.'" *Zuzick v. Comm'r of Soc. Sec.*, No. 19-cv-539, 2019 WL 5086689, at *2 (D. Conn. Oct. 10, 2019) (quoting *Bhatia v. Pitney Bowes, Inc.*, No. 04-cv-1484, 2006 WL 2661143, at *1 (D. Conn. Sept. 14, 2006)).

Accordingly, the action is hereby dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The court

3

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis status* is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is directed to enter judgment, serve a copy of this Order and the judgment on Plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated:    Brooklyn, New York
           June 11, 2020

                                             /s/
                                     Hon. Kiyo A. Matsumoto
                                     United States District Judge